

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Dear Mr. Greer:           Opinion No. 0-6952
                          Re: May the Governor exchange
                              right of way land owned by
                              the State for other right
                              of way land owned by a pri-
                              vate individual.

     The following facts are quoted from your letter
dated November 20, 1945:

     "For construction of State Highway 40 in
Jefferson County, Mr. A. L. Eastham conveyed
to the State of Texas, by easement dated May
15, 1937, a right of way for material sources,
and Jefferson County paid money for it. This
right of way has fulfilled its purpose and is
no longer needed by the Highway Department.

     "The Highway Department is desirous of
obtaining another tract of land on State High-
way 105, which Mr. Eastham is willing to convey
to the State, in even exchange and without cost
to the State, in return for the reconveyance to
him of this old right of way.

     "We are not sure such an exchange can be
made, legally, and would like your opinion."

     You have furnished us with a copy of the field
notes of the land sought to be conveyed back to Mr. Eastham.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST

An examination of these field notes reveals that the property lies along and adjacent to State Highway No. 40 for a distance of 253 feet and that such property is a part of the right of way of State Highway No. 40. The property was acquired for the sand, gravel and dirt it contained.

Section 1 of Chapter 99½ Acts of the 42nd Legislature, 1931, page 170 (same as Section 1 of Article 6673a, V.A.C.S.) reads:

"Wherever the State Highway Commission has acquired or shall hereafter acquire any land by purchase, condemnation, or otherwise to be used as a right of way for any State highway and thereafter the route of such highway was or shall be changed or abandoned, and any such right of way be no longer needed for such highway, or needed for use of citizens as a road, the State Highway Commission may recommend to the Governor that such land be sold and that he execute a deed conveying all the State's right, title, and interest in such land so acquired. Upon the recommendation of the Commission, the Governor may execute a proper deed conveying and/or exchanging such land for different land belonging to the same person or persons. It shall be the duty of the Commission to fix the fair and reasonable value of all such land and advise the Governor thereof. Provided that where such land is given to the State, the Governor may return the same by proper deed to the person or persons from whom the same is received. All money derived from the sale of such land shall be deposited with the funds from which it was originally taken. The Attorney General shall approve all transfers under this Act."

We believe that the underlined portion of the foregoing statute clearly authorizes the exchange of the lands in question; and you are therefore advised that it is the opinion of this department that upon the recommendation of the

Hon. D. C. Greer - Page 3


Texas Highway Commission, the Governor may execute an
exchange deed conveying the land acquired on May 15,
1937, to Mr. A. L. Eastham in consideration of the ex-
change of another tract of land on State Highway 105.

                              Yours very truly

                         ATTORNEY GENERAL OF TEXAS


                         By        Joe Fultz
                                   Assistant

JF:BT